(106 So. 203)

**NUNNLEY v. STATE.   (8 Div. 204.)**

(Court of Appeals of Alabama.  Aug. 4, 1925. Rehearing Denied Oct. 27, 1925.)

**1. Criminal law ⬤⫐1175—Accused could not complain of finding of guilty of misdemeanor only, where evidence warranted conviction under either or both counts charging felonies.**

Accused could not complain of verdict finding him guilty of misdemeanor only, where evidence warranted conviction under either or both counts charging felonies.

**2. Criminal law ⬤⫐753(1)—Conflict in testimony presented jury question, precluding giving of general charge on whole case and on each count of indictment.**

Conflict in testimony presented jury question, precluding giving of general charge on whole case and on each count of indictment.

Appeal from Circuit Court, Lauderdale County; A. E. Gamble, Judge.

Frank Nunnley was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Nunnley, 213 Ala. 691, 106 So. 203.

The special instructions requested by and refused to the defendant were the general charge on the whole case and on each count of the indictment.

Bradshaw & Barnett, of Florence, for appellant.

A defendant cannot be guilty of an attempt to manufacture whisky without having in his possession a still. McDowell v. State, 19 Ala. App. 532, 98 So. 701; Medders v. State, 19 Ala. App. 628, 99 So. 776.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

An attempt to manufacture is included in a charge of making whisky; and a conviction of an attempt, when there is evidence of a completed act, is favorable to defendant, and he cannot complain. 8 Michie's Ala. Dig. 399; Warren v. State, 18 Ala. App. 245, 90 So. 277.

BRICKEN, P. J.   [1] The indictment in this case contained two counts. One for distilling, making, or manufacturing alcoholic, spirituous, or malt liquors, a part of which was alcohol; and the second count for unlawfully possessing a still to be used for the purpose of manufacturing alcoholic, spirituous, or malt liquors contrary to law. The verdict of the jury was: "We, the jury, find the defendant guilty of attempt to manufacture liquor," etc. This verdict of the jury had the effect of acquitting the defendant of the two felony charges contained in the indictment. We cannot understand why the defendant should complain at the verdict finding him guilty of a misdemeanor only, for in our opinion there was ample evidence to warrant his conviction under either or both counts of the indictment.

On this appeal it is insisted that the court erred in its rulings upon the admission of testimony. The several exceptions reserved in this connection have been examined, and are so clearly without merit we will not discuss them.

[2] The evidence in this case was in sharp conflict—that of the state tending to show that the defendant was at the still and busy in its operation, etc.; that of the defendant tending to show that at the time and place testified to by the state witnesses he was at another place, to wit, in his field, hoeing cotton with other parties. This conflict presented a jury question. Therefore the court did not err in refusing to defendant the special charges requested by him in writing. No error appears. The judgment is affirmed.

Affirmed.