David Earl Jackson was convicted for manslaughter, sentenced to ten years' imprisonment, and ordered to pay $5,000 to the Victims' Compensation Fund. Five issues are raised on this appeal from that conviction.
 I
Jackson argues that the trial court erred in instructing the jury on manslaughter as a lesser included offense of murder and that the jury erred in finding him guilty of manslaughter because there was no rational basis for such a charge and conviction.
The trial court, on its own initiative, charged the jury on manslaughter. Since there was no objection the defendant is precluded from assigning this ground as error. Rule 14, A.R.Cr.P.(Temp.). See Biddie v. State, 516 So.2d 846 (Ala. 1987).
The record contains no objection to the verdict. There was neither a motion for judgment of acquittal after verdict or judgment of conviction, Rule 12.3, A.R.Cr.P.(Temp.), nor motion for a new trial, Rule 13, A.R.Cr.P.(Temp.). In fact, there is no indication in the record that the sufficiency of the evidence was ever challenged in the trial court. With regard to this issue, nothing has been preserved for review. Ex parteMaxwell, 439 So.2d 715, 717 (Ala. 1983); Hammond v. State,502 So.2d 843, 844-45 (Ala.Cr.App. 1986), cert. denied, Hammond v.Alabama, ___ U.S. ___, 107 S.Ct. 3193, 96 L.Ed.2d 681 (1987).
 II
The trial court refused to allow defense witness Max Richardson to identify his accomplice in a burglary case when the prosecutor objected on the grounds of the witness's "fifth amendment rights and his right to counsel in this line of questioning." Defense counsel was attempting to impeach the testimony of State's witness Betty Jo Hollingsworth by showing, through Richardson, that Brandy Owens, Hollingsworth's son, was Richardson's accomplice and that charges were dropped against Owens in exchange for Hollingsworth's testimony against the defendant.
"The privilege of the witness to refuse to incriminate himself by answering pertinent questions is personal to the witness, and cannot be claimed by or for another, including the party by or against whom he is called to testify." Warren v.State, 292 Ala. 71, 74, 288 So.2d 826, 829 (1973). "`[T]he jury must be apprised of any promise which induces a key government witness to testify on the government's behalf.' United Statesv. Cawley, 5 Cir. 1973, 481 F.2d 702, 707." United States v.Brown, 546 F.2d 166, 170-71 (5th Cir. 1977). See also UnitedStates v. Mayer, 556 F.2d 245 (5th Cir. 1977) (defendant should be afforded wide latitude in cross-examining accomplice about the disposition of counts against the accomplice). However, "[a] trial court will not be placed in error for assigning the wrong reason for a proper ruling, if that ruling is correct for any reason." Bighames v. State, 440 So.2d 1231, 1234
(Ala.Cr.App. 1983).
On cross-examination, Hollingsworth denied making any deal with the prosecution. Therefore, the defendant was entitled to prove her bias and prejudice through other witnesses. "When a witness denies that he is biased toward a party, . . . independent evidence of the bias revealing facts, statements or relationships may be introduced." C. Gamble, McElroy's AlabamaEvidence § 149.01 (4) (3d ed. 1977). This independent evidence of bias may be proven "in any legitimate way." Titus v. State,117 Ala. 16, 23 So. 77, 78 (1898).
Such independent evidence of bias "must be the best evidence of the facts. Mere hearsay evidence, unless it was itself the cause of the witness' feelings, or opinion evidence as to the cause of unfriendliness, . . . is properly excluded especially where the bias could be shown in some other way open to no objection." 98 C.J.S. Witnesses § 568 (a) (1957). "Regardless of the method employed to prove bias or prejudice of a witness, the testimony going to such proof must be material, relevant, and not remote to the issues presented." Hembree v. City *Page 902 of Birmingham, 381 So.2d 664, 668 (Ala.Cr.App. 1980).
Here, Owens testified as a defense witness but was not questioned about the dismissal of any charges or the existence of any deal between his mother and the State. We do not think Richardson was competent to testify that the prosecution against his accomplice in an unrelated criminal case had been dismissed in return for the testimony of the accomplice's mother against the defendant.
 III
Defense counsel filed a "notice of appearance" on August 17, 1987. On September 11, 1987, the defendant requested a continuance on the grounds (1) that he "did not receive any answers to his Motion to Produce . . . until September 8, 1987"; (2) that he "will have to make arrangements with the prosecutor . . . to observe other evidence according to the prosecutor's answer to the Motion to Produce;" and (3) that he "has not had ample time to prepare his defense." A hearing was held and this motion denied on September 16, 1987. A transcript of that hearing is not contained in the record. The case was called for trial on September 23, 1987, at which time the defense announced "ready."
An argument can be made that, under the circumstances of this case, the defendant waived his motion for a continuance by not renewing his motion and by announcing ready. Stallworth v.State, 52 Ala. App. 619, 625, 296 So.2d 243, 249 (1974).
Moreover, "[a] motion for a continuance is addressed to the discretion of the court and the court's ruling on it will not be disturbed unless there is an abuse of discretion." Ex parteSaranthus, 501 So.2d 1256, 1257 (Ala. 1986).
The denial of a motion for a continuance "is not due to be disturbed by [an appellate court] unless defendant can show that there was an abuse of that discretion." United States v.Smith, 591 F.2d 1105, 1110 (5th Cir. 1979); Carr v. State,104 Ala. 4, 16 So. 150, 153 (1894). "A reversal of a conviction because of the trial court's refusal to grant a continuance requires `a positive demonstration of abuse of judicial discretion.' Beauregard v. State, 372 So.2d 37 (Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala. 1979)." Young v. State,469 So.2d 683, 687 (Ala.Cr.App. 1985). Here, the defendant has failed to carry his burden of showing that the trial court abused its discretion in denying a continuance.
 IV
On September 24, 1987, after the State had rested its case, the defendant made a motion for a mistrial based on the prosecution's tardy disclosure the day of trial of reports from the Alabama Bureau of Investigation indicating that the palm-prints and fingerprints discovered at the scene of the crime did not match those of the defendant or the victim. By announcing "ready" for trial and by waiting until after the close of the State's evidence to file the mistrial motion, which was based on matter known before trial, the defendant has waived his objection.
Like any objection, a motion for a mistrial "must be interposed as soon as the ground for the objection becomes apparent." Watson v. State, 439 So.2d 762, 769 (Ala.Cr.App. 1983). Rule 18. 5 (a), A.R.Cr.P.(Temp.), provides a trial court with various remedies for noncompliance with an order of discovery. "[T]he trial court should not impose a sanction which is harsher than necessary to accomplish the goals of the discovery rules." McCrory v. State, 505 So.2d 1272, 1279
(Ala.Cr.App. 1986). That reason alone is sufficient justification for requiring the defendant to file his objection to the State's nondisclosure as soon as reasonable. Additionally, a defendant should not be permitted to gain any advantage (such as limiting the alternative remedies available) by delay in filing objection.
To prevail on its claim that the prosecution violated its duty under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), by withholding exculpatory information, the defendant "must show that the prosecution either withheld or suppressed favorable evidence that would have *Page 903 
created a reasonable doubt otherwise absent." United States v.Willis, 759 F.2d 1486, 1499 (11th Cir.), cert. denied,474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985). "Tardy disclosure ofBrady material is generally not reversible error unless the defendant can show he was denied a fair trial." 74 Geo.L.J. 499, 675, Project: Fifteenth Annual Review of CriminalProcedure. United States Supreme Court and Courts of Appeals
1984-85 (1986).
Here, the defendant has failed to show that the prosecution suppressed evidence. At trial, defense counsel admitted that "a lot of this information came into her hands until within the last day or two." This allegedly exculpatory evidence was presented to the jury so it cannot be argued that it would have created a reasonable doubt otherwise absent.
 V
The trial court's refusal of the defendant's requested charge on reasonable doubt is not preserved for review. "No party may assign as error the court's . . . failing to give a written instruction, . . . unless he objects thereto . . ., stating the matter to which he objects and the grounds of his objection." Rule 14, A.R.Cr.P.(Temp.). See Matkins v. State, 497 So.2d 201,202 (Ala. 1986); Kyser v. State, 513 So.2d 68, 71-72
(Ala.Cr.App. 1987). Counsel's objection to the refusal of his requested charges ("the Defendant respectfully excepts to the refusal of Requested Jury Charge Number One and files an objection in the record") does not satisfy the requirement that a party "state with particularity the grounds of [his] objection." Matkins, 497 So.2d at 203.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.