William Charles Johnson was convicted of burglary in the first degree in violation of Ala. Code 1975, § 13A-7-5, and sentenced to ten years' imprisonment. He was also convicted of burglary in the third degree, in violation of § 13A-7-7, and given a concurrent five-year sentence. He raises three issues on this appeal from those convictions.
 I
The defendant was separately indicted for each burglary. One indictment charged that he burglarized the "lawfully occupied dwelling house of Verlena Polk, with the intent to commit a theft . . . in violation of Section 13A-7-6." This indictment charged burglary in the second degree under Ala. Code 1975, § 13A-7-6(b).
At the beginning of trial, the judge informed the jury that the burglary alleged was second degree. However, after both sides had rested, the trial judge charged the jury that the defendant was guilty of the Polk burglary if he "knowingly and unlawfully entered and remained in a dwelling house of Verlena Polk with the intent to commit a theft or a felony." He further charged that "a dwelling house can be any structure used for lodging." The judge did not charge that the dwelling house must be "lawfully occupied," as required by § 13A-7-6(b).
With regard to the Polk case, the trial judge instructed the jury that its verdict should be either "guilty of burglary as charged in the indictment" or "not guilty."
At the conclusion of the trial judge's instructions, defense counsel objected to certain portions of the charge unrelated to the present issue. Then, the following occurred:
 "THE COURT: Overruled. Now, wait a second. In Case No. 1561 you haven't noticed in the dwelling house of Verlena Polk they have put down the citation out of the Code, 13A-7-6. That's burglary in the second degree. This indictment is burglary in the third degree, and I've charged on burglary in the third degree. In other words, I am saying that the fact that they put the wrong numbers, instead of 6 they should have put 5, which is third degree, I'm saying that they have alleged third degree, and I've charged on third degree. You can note your exception to that.
 "MR. FARNELL [Defense Counsel]: We except to that." (Emphasis added.)
The jury found the defendant "guilty of burglary as charged in the indictment." The trial judge adjudged the defendant "guilty of burglary as charged in the indictment" and stated: "As I told you and is on the record, I charged on burglary in the third degree, and the sentencing is going to be on burglary in the third degree. And right or wrong, that's what it's going to be on."
Defense counsel made the following response:
 "MR. FARNELL: The way the trial, of course, has unfolded and during the whole time leading up to the charging of the jury, I think the jury was under the impression that they were done on the cases of first and second degree burglary. I think that that would have led to such a confusion such that they would not have been able to —
 "THE COURT: You can take that up, if you want to when it's time to take it up."
At the sentencing hearing, the trial judge was obviously confused as to whether the conviction in the Polk case was for burglary in the second or third degree. From the record:
 "THE COURT: I don't either. Tell us, Mr. Farnell, what was your client convicted of besides burglary one? *Page 885 
 "MR. FARNELL: Well, Your Honor, the two indictments as they originated were burglary one and two. But I think the Court entered — as to the second charge entered a burglary third degree conviction on the case.
 "MR. NEUMANN [Assistant District Attorney]: 7-6 is burglary two, Your Honor.
 "MR. FARNELL: Well, Your Honor, yes, sir, that is the Code section, but the conviction was entered for burglary third.
 "THE COURT: In other words, did I charge them on a lesser included offense?
 "MR. FARNELL: Well, Your Honor, actually that was one of our exceptions in the case was the Court not charging lesser included offenses in the case.
 "THE COURT: Well, then how come they came in with burglary three? They couldn't have unless I charged them on it. On 1561 they just came in with guilty of burglary as charged in the indictment. Now, all I've got to do is find out what that section in the indictment is?
 "MR. FARNELL: Your Honor, burglary third is 13A-7-7.
 "THE COURT: Well, then burglary two is 6. All right. Let's put our mind on the first one, which is second degree. Okay. It's a B felony. This man has no prior felonies, does he?
 "MR. NEUMANN: No, sir. Your Honor, burglary three is a C felony, and burglary one is an A felony. I believe we have a conviction on burglary one and burglary three.
 "THE COURT: I don't know how we got that. I must have charged on the lesser included offense. Let's just talk about burglary one first."
The record reflects that the defendant was sentenced for third degree burglary.
The next mention of this matter was had at the hearing on the defendant's motion for new trial:
 "MR. FARNELL: On the weight or sufficiency of the evidence I think it's noted in post-trial proceedings that there was quite a bit of difficulty as to whether — Well, let me just back up a little bit. The defendant was charged with first degree burglary; is that right?
 "THE COURT: I don't know. Here it is, if you want to look.
 "MR. FARNELL: Thank you. Okay. First and second degree burglary. And the discussions, as I recall them, after or while the jury was deliberating was whether — Well, let me just put it this way: There was quite — there was considerable discussion as to whether there was going to be a verdict entered for second or third degree burglary relating to the second degree burglary charge, for example.
"THE COURT: Was this discussion on the record?
 "MR. FARNELL: Well, I think some of it was, some of it was not. I think there was such a material variance there as to this third degree burglary conviction that it should be dismissed or that it should be —
"THE COURT: Isn't that a matter on appeal?
 "MR. FARNELL: It should be a matter on appeal, Your Honor, but I think the Court does have the discretion to enter an — or set aside the verdict.
 "THE COURT: I'm not going to do it. As a matter of fact, that isn't even on your motion [for new trial]."
The defendant now argues that his conviction for third degree burglary is "void and/or a nullity" because "the undisputed evidence showed the breaking into a 'lawfully occupied dwelling house.'" Appellant's brief at 13-14. We agree that the evidence does show that the defendant was guilty of second degree burglary. At trial, the defendant's only defense was an attempt to impeach the credibility of the State's witnesses.
Burglary of a "lawfully occupied dwelling house" constitutes second degree burglary. § 13A-7-6(b). Burglary of a "building" constitutes third degree burglary. § 13A-7-7(a). A "building" is "[a]ny structure which may be entered and utilized *Page 886 
by persons for. . . lodging." § 13A-7-1(2).
Initially, it appears to this Court that this issue was not preserved for review by proper objection. The objection to the oral charge, "we except," did not satisfy the requirement of Rule 14, A.R.Cr.P. Temp., that a party "state with particularity the grounds of objection." Jackson v. State,530 So.2d 900, 903 (Ala.Cr.App. 1988). With few exceptions, none of which is applicable here, "'[t]he grounds urged for a new trial must ordinarily have been preserved at the trial by timely and sufficient objections.'" Hardy v. State, 455 So.2d 265, 268
(Ala.Cr.App. 1984).
Moreover, we find that the error, even if preserved, was harmless. In Southerland v. State, 471 So.2d 522, 524-25
(Ala.Cr.App. 1985), this Court held that a jury may not compromise and convict a defendant of a lesser included offense not supported by the evidence. Here, the trial judge erroneously construed the indictment to charge third degree burglary and so instructed the jury. The prosecution entered no objection and that error was harmless because the judge did not charge on burglary in any higher degree. In effect, the trial judge reduced, on his own motion, the charge against the defendant from second to third degree burglary. Because the jury was only charged on third degree burglary, the danger of a compromise verdict was not present. See Golston v. State,57 Ala. App. 623, 627, 330 So.2d 446 (1975) ("That a grand jury may elect to charge the lesser of two crimes, one includible within the other, does not prevent a conviction even though the evidence shows that the greater crime has been committed."). The trial judge's error was favorable to the defendant, who cannot now be heard to complain. Cf. Wilson v. State,31 Ala. App. 481, 482, 18 So.2d 701 (1944) ("Appellant might well, under the testimony, have been convicted of a higher degree of homicide. But this surely gives him no right to complain at the verdict of the jury."); Nunnley v. State, 21 Ala. App. 140,106 So. 203, cert. denied, Ex parte Nunnley, 213 Ala. 691,106 So. 203 (1925) ("We cannot understand why the defendant should complain at the verdict finding him guilty of a misdemeanor only, for in our opinion there was ample evidence to warrant his conviction under either or both [felony] counts of the indictment.").
 II
In the presence of the jury, the trial judge asked defense counsel, "Are you going to put the defendant on the stand?" Defense counsel replied, "No, sir, I'm not." There was no objection at trial, although this issue was raised in the motion for new trial.
While these remarks would be subject to criticism, even if preserved for review, they do not constitute a comment on the defendant's failure to testify. Davis v. State, 352 So.2d 3, 5
(Ala.Cr.App.), cert. denied, Ex parte Davis, 352 So.2d 8 (Ala. 1977) ("We know of no rule of law prohibiting a trial judge from asking a defendant if he is going to be sworn at any particular time in the course of a trial.").
 III
Finally, the defendant argues that, with regard to the first degree burglary of the Hughes residence, there was no evidence that Renita Hughes sustained physical injury as a result of the defendant's actions.
Contrary to this argument, the 15-year-old Ms. Hughes testified to the effect that she hit the back of her head on a dresser when she fell out of bed after struggling with, and attempting to escape the advances and assaults of, the defendant and his companion. She stated that the defendant's companion tried to get in bed with her, that both men tried to put their hands over her mouth to keep her from screaming, and that she "was screaming and kicking, and their hands was just hitting [her]." She testified that she went to a hospital and that she had a headache for about a month after her injury.
"Physical injury" is defined as "impairment of physical condition or substantial pain." § 13A-1-2(8). In our opinion, the *Page 887 
victim's month-long headache qualifies as a physical injury.
Here, the defendant "caused" physical injury to a person who was not a participant of the burglary. § 13A-7-5(a)(2). "A person is criminally liable if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was sufficient to produce the result and the conduct of the actor clearly insufficient." § 13A-2-5(a).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.