John Gary Marshall was convicted of the criminal offenses of first degree robbery, first degree rape, and first degree sodomy. He was sentenced to life imprisonment without the possibility of parole. The defendant Marshall presents two issues on this appeal from those convictions. *Page 833 
 I.
The defendant argues that reversible error was committed when the trial judge admitted "testimony of his custodial, out-of-court statement terminating his interview with the police by invoking his right to remain silent and his right to counsel." Appellant's brief at 4.
The crimes were committed on June 5, 1989. The defendant was arrested on July 25, 1989, in Georgia. In investigating the crimes, the police learned that the defendant had rented an automobile which had been observed parked near the scene at the time of the crime. After the victim identified a photograph of the defendant, a warrant was issued for his arrest. Gadsden Police Lieutenant Jeffery Wright interviewed the defendant in Georgia in the Roswell, Georgia, city jail. Wright testified at the pretrial hearing on the motion to suppress that he "mirandized" the defendant and that the defendant "said he understood each and every one of [the Miranda rights], he didn't have anything to say, and [if] he wanted a lawyer, he would advise me." Although this statement that "he wanted a lawyer" is confusing, the record appears to indicate that the defendant initially waived his Miranda rights and voluntarily talked with Lt. Wright. No contention is made to the contrary on this appeal. In advising the defendant of his constitutional rights, Wright told him, "You have the right to remain silent. . . . You have the right to talk to a lawyer and have him present with you while being questioned. . . . You can decide at anytime to exercise these rights, not answer any questions or make any statements."
During the conversation between Lt. Wright and the defendant, the defendant told Wright that he had never rented a car. Wright testified at the pretrial hearing that when he asked the defendant to explain about the brown Nissan automobile that he had rented in Decatur, Georgia, the defendant "looked at me, and said, we have got nothing else to discuss. I would like to go back to my cell." Wright testified that the conversation "was terminated when Mr. Marshall said it was terminated." The officer stated that Marshall "wasn't asking for counsel, he just didn't want to proceed any further, and said if he talked he might want to have counsel."
After the testimony at the pretrial hearing, the trial judge decided to suppress those portions of the statement in which Marshall stated that he wanted to terminate the conversation and that he "may" want an attorney. However, after further argument by the assistant district attorney, the trial judge reserved ruling on that particular point.
When the State indicated that it wanted to pursue this matter at trial, the judge stated:
 "On this particular point I'm going to somewhat reverse myself because I feel like you should be entitled to ask him about the conversation about renting the car, and also the fact that he denied that he did. And also his reaction at the time that he was confronted with that inconsistency. So, I will allow it."
The following then occurred:
 "Q. [Assistant district attorney:] And what did you ask him?
 "A. [Officer Wright:] I said, Mr. Marshall, I would like to know about the brown Nissan you rented in Decatur, Georgia, and rented on June the 5th, and returned on June the 7th.
"Q. What was his response to that?
 "A. Silence for a little bit. Said, I see no point in answering any more further questions, I would like my attorney now."
The witness's response, deliberately solicited by the assistant district attorney, constituted a clear and highly improper comment on the defendant's exercise of his constitutional rights.
The defendant had a constitutional right to cut-off questioning at any time during the in-custody interrogation.Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313
(1975).
 "Under the United States Constitution and the Constitution of the State of Alabama, an accused is guaranteed the right to remain silent. 5th Amendment, *Page 834 
United States Constitution; Art. 1, § 6, Alabama Constitution (1901). A necessary component of the right to remain silent is that the accused's silence cannot be used against him. . . .
". . . .
 ". . . A person may assert his constitutional rights at any time. He may answer questions if he wishes, but he may stop at any time. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). . . .
 "We hold that the defendant's constitutional right to remain silent was violated by the state's inquiry at trial about the defendant's assertion of that right."
Ex parte Wiley, 516 So.2d 816, 817-18 (Ala. 1987). "The standard is strict; virtually any description of a defendant's silence following arrest and a Miranda warning will constitute a Doyle [v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91
(1976)] violation." United States v. Rosenthal, 793 F.2d 1214,1243 (11th Cir.), modified on other grounds, 801 F.2d 378 (11th Cir. 1986), cert. denied, 480 U.S. 919, 107 S.Ct. 1377,94 L.Ed.2d 692 (1987).
At the pretrial suppression hearing, the assistant district attorney argued that the defendant's termination of the interview when confronted with Officer Wright's assertion of the details of the car rental "reflects inconsistency in the statement, and I think we should be able to go into it because of that." The prosecutor in effect argued that the defendant's termination of the interview was a tacit admission and in fact treated it as such.
In Ex parte Marek, 556 So.2d 375, 382 (Ala. 1989), the Alabama Supreme Court abolished the tacit admission rule in pre-arrest situations "to the extent that the rule allows the introduction of evidence of an accused's silence when confronted with an accusation." The Court noted that the use of tacit admissions occurring after an individual has been given the Miranda warnings had been abolished in Ex parte Harris,387 So.2d 868 (Ala. 1980). Marek, 556 So.2d at 381. In Harris,387 So.2d at 871, our Supreme Court stated: "The crux of our holding is simply that it is fundamentally unfair and in violation of due process of law to inform a person under arrest that he has a right to remain silent and then permit an inference of guilt from that silence." See also Ex parteBrooks, 562 So.2d 604 (Ala. 1990).
We reject the State's argument that defense counsel failed to preserve this issue by proper objection. Prior to trial, defense counsel filed a motion to suppress the defendant's statements. At the pretrial hearing, she specifically argued that any comment on the defendant's termination of the interview would constitute an impermissible comment on the defendant's exercise of his constitutional right. At trial, after the trial judge indicated that he was "reversing" his prior ruling, defense counsel requested a "standing objection to this line of questioning." Our examination of the record leaves no doubt that the trial judge was apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the legal issue involved and now raised on appeal. Although defense counsel did not object to the specific question calling for the improper response on the defendant's exercise of his constitutional rights, the trial judge had previously sustained the defendant's objection to that line of questioning and, at a later occasion, had indicated that he would allow the State to introduce the particular testimony we find objectionable. "It is not necessary to repeat the specific grounds for an objection each time a question is asked, if a proper objection had been previously made to the same evidence and the trial court had been made fully aware of the ground of that objection."Anderson v. State, 354 So.2d 1156, 1160 (Ala.Cr.App.), cert. denied, 354 So.2d 1161 (Ala. 1977).
 II.
The defendant also argues that the trial judge committed reversible error in refusing to instruct the jury on alibi. This issue was not properly preserved for appellate review.
The defendant's defense was alibi. His requested jury instructions numbers 2, 3, *Page 835 
and 4 covered legal principles of alibi. At a "charge conference" held before the attorneys made their closing arguments to the jury, the following occurred with regard to the present issue:
 "THE COURT: . . . Number 2, rather than zero in on a particular defense I will cover reasonable doubt sufficiently in my oral charge. So, I will not give 2.
 "MRS. WARREN [defense counsel]: Note our exception.
 "THE COURT: All right. Also in my charge I will instruct the jury to consider all of the evidence in the case. Of course, you can argue, certainly argue alibi as a defense, but as a specific charge I am going to refuse 3.
"MRS. WARREN: Note our exception."
Following the oral charge of the trial judge, defense counsel stated, "Your Honor, of course, [we] would maintain our continuing objection based on the refusal of the Court to give certain jury charges as outlined in the jury charge conference." These exceptions are the only objections defense counsel made to the jury instructions of the trial judge regarding the refusal to instruct the jury on alibi.
The rule in Alabama is that "'[w]here the defense of alibi is raised and there is the requisite evidence to support it, proper instructions as to such defense should be given.' 23A C.J.S., [Criminal Law] at § 1203 [(1961)]. Failure to do so constitutes reversible error." Craig v. State, 526 So.2d 644,646 (Ala.Cr.App. 1988). See also Burton v. State, 107 Ala. 108,131, 18 So. 284, 290 (1895), overruled on other grounds, Amosv. State, 123 Ala. 50, 26 So. 524 (1899); Carlisle v. State,356 So.2d 702, 703 (Ala.Cr.App.), cert. denied, 356 So.2d 703
(Ala. 1978).
Defense counsel's "exception" was not a proper objection and preserved nothing for review. In Johnson v. State,552 So.2d 883, 886 (Ala.Cr.App. 1989), this Court held that "[t]he objection to the oral charge, 'we except,' did not satisfy the requirement of Rule 14, A.R.Cr.P.Temp., that a party 'state with particularity the grounds of objection.' " See alsoDonovan v. State, 548 So.2d 1087, 1090 (Ala.Cr.App. 1989);Jackson v. State, 530 So.2d 900, 903 (Ala.Cr.App. 1988).
The judgment of the circuit court is reversed, and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.