BOWEN, Judge.
James Robinson was convicted of burglary in the third degree and was sentenced as a habitual offender to 25 years’ imprisonment. On this appeal of that conviction he raises three issues.
The State’s evidence established that admitted accomplice Emily Cain and the defendant were “going together.” Cain testified that on October 5, 1987, she drove the defendant to the Headland Oil Company building in Headland, Alabama. She parked the car and entered a self-service laundry while the defendant burglarized the Oil Company building. After the burglary, Cain and the defendant drove away together.
I
The defendant claims that the trial court erred by not granting his motion for a continuance on the following grounds: (1) lack of time to prepare a defense; (2) absent defense witnesses; and (3) the defendant’s dissatisfaction with appointed counsel.
The following sequence of events is relevant to the defendant’s first contention regarding lack of time to prepare for trial: *1199 v. State, 372 So.2d 37 (Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala.1979).’ ” Jackson v. State, 530 So.2d 900, 902 (Ala.Cr.App.1988). “What constitutes sufficient time for the preparation by defendant’s counsel of criminal cases for trial varies greatly in accordance with the circumstances of the particular cases.” Nance v. State, 416 So.2d 437, 444 (Ala.Cr.App.1982) (two and one-half weeks sufficient). See also Jackson v. State, 530 So.2d at 902 (24 days sufficient); Hamilton v. State, 496 So.2d 100, 107-08 (Ala.Cr.App.1986) (“approximately two weeks” sufficient).
*1198 August 9 — Current defense counsel was appointed.
August 25 — Counsel filed a motion to have the defendant transferred to the Henry County jail in order to allow the defendant to assist counsel in the preparation for trial. There was no ruling on the motion.
September 6 — Defense counsel renewed the motion to have the defendant transferred. There was no ruling on the subsequent motion.
October 27 — Defense counsel met with the defendant at the Henry County jail.
November 7 — Trial set. The trial judge noted that the case had already been continued three times and one appointed counsel had withdrawn. The court continued the case two days to allow defense counsel more time to prepare.
November 9 — Trial began.
“ ‘A reversal of a conviction because of the trial court’s refusal to grant a continuance requires “a positive demonstration of abuse of judicial discretion.” Beauregard
*1199 Here, counsel had three months from the time of his appointment, eleven days from the time of his meeting with the defendant, and two additional days granted by the court to prepare for a relatively uncomplicated burglary trial. He has shown no “positive demonstration of abuse” of the court’s discretion in proceeding to trial over his objection.
The defendant renewed his motion for a continuance on November 9, claiming that five of his witnesses had not been subpoenaed. The court issued an immediate bench subpoena for three of these witnesses, ordering the “Sheriff and Dept, of Corrections ... to transport [the three witnesses] from Limestone Correctional Facility and Kilby prison to the Henry County Courthouse to testify in the pending case on 11/10/88.” Two of the three witnesses testified for the defense. The third, for whom the defendant had made no showing regarding her expected testimony, did not testify. On the record before us, we must conclude that this witness was made available but that the defense simply chose not to call her.
The remaining two defense witnesses were Charles Chapman and Dothan police Sergeant Gary Kinney. The defendant alleges that the State engaged in misconduct in executing his subpoena request for Chapman. The subpoena was issued in the name of “Charles Chapman, Jr.” According to the defendant, the deputy serving the subpoena learned that the witness’s name was “Charles Kenneth Chapman” and told Chapman that unless his name was exactly as listed on the subpoena he “could not” testify. The trial court, however, found that the deputy had not engaged in misconduct and determined that “this witness wasn’t too interested in testifying. He proved to the officer that he was not the person subpoenaed.” We agree with the trial court that, on the record before us, no impropriety was demonstrated.
The defendant stated that he expected Chapman to testify that the defendant and Emily Cain were not “going together.” He also proposed to show by Chapman’s testimony that the defendant was not in the car with Emily Cain at the time of the Headland Oil Company burglary, and that Chapman knew the identity of the male who was in the car with Cain at that time. The defendant conceded, upon being questioned by the trial court, that Chapman could not testify that he, Chapman, was present at the scene of the burglary.
As for Sgt. Kinney, the trial court learned that this officer had retired from the Dothan police department and was vacationing in the Caribbean at the time of the trial. The defendant informed the trial court that he expected Sgt. Kinney’s testimony to show that sometime after the burglary, Kinney stopped and searched a vehicle in which the defendant was a passenger. The vehicle apparently matched the description of the ear used in the burglary. According to the defendant, Sgt. Kinney would have testified that he found nothing in the vehicle to link the defendant to the burglary and that he, Kinney, was told by his superiors to let the defendant go.
There was no abuse of discretion in the denial of a continuance due to the absence of either Chapman or Kinney. In Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala.1986), our supreme court set out the following test for determining whether a continuance should be granted on the ground of an absent witness:
“If the following principles are satisfied, a trial court should grant a motion for continuance on the ground that a witness or evidence is absent: (1) the expected evidence must be material and compe *1200 tent; (2) there must be a probability that the evidence will be forthcoming if the case is continued; and (3) the moving party must have exercised due diligence to secure the evidence. Knowles v. Blue, 209 Ala. 27, 32, 95 So. 481, 485-86 (1923).”
The trial court concluded that the proposed testimony of both witnesses would have been immaterial or incompetent, and we agree. Since Chapman was not present at the burglary and could not, by the defendant’s own admission, have testified from personal knowledge who was in the car with Emily Cain, his testimony would have been incompetent. “[T]he trial courts of Alabama have no duty to admit testimony of a witness about a matter unless it first appears that the witness has [firsthand] knowledge of such a matter.” C. Gamble, McElroy’s Alabama Evidence § 105.01 at 227 (3d ed. 1977). Furthermore, Chapman’s testimony that the defendant and Emily Cain were not “going together,” while controverting Cain’s testimony that they were romantically involved, would have constituted impeachment upon an immaterial matter. See Ashurst v. State, 462 So. 2d 999, 1011-12 (Ala.Cr.App.1984); Sheffield v. State, 392 So.2d 1233, 1235-36 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1237 (1981); C. Gamble, supra § 156.01.
Similarly, Sgt. Kinney’s testimony that at one time following the burglary the authorities had no evidence to connect the defendant with the offense would have been immaterial. Cf. Pate v. State, 94 Ala. 14, 17, 10 So. 665, 666 (1892) (wherein the court held that if the State does not offer evidence of flight by the accused, the accused may not present evidence of failure to flee to establish his innocence, such evidence “would be to allow him to make testimony for himself”).
Finally, the trial court did not err when it denied the defendant’s motion for a continuance on the ground that the defendant was dissatisfied with appointed counsel.
“When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant’s dissatisfaction with his current counsel. If the defendant can establish ‘good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead ... to an apparently unjust verdict,’ the court must substitute new counsel. However, the mere loss of confidence in his appointed counsel does not establish ‘good cause.’ Defendant must have some well founded reason for believing that the appointed attorney cannot or will not competently represent him.... [T]he defendant cannot insist upon new counsel because he doesn’t like the appointed counsel’s ‘attitude,’ association with the prosecutor, or approach on matters of strategy. While ideally a ‘relationship of trust and confidence’ should exist between accused and his attorney, the Sixth Amendment, the Supreme Court has noted, guarantees only competent representation, not ‘a meaningful attorney-client relationship.’ ”
2 W. LaFave & J. Israel, Criminal Procedure § 11.4 at 36-37 (1984).
Here, the defendant’s motion was untimely, coming after the jury had been empaneled. “The right to chose counsel is a shield and part of an accused’s due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. Tate v. State, 346 So.2d 515, 521 (Ala.Cr.App.1977).” Richardson v. State, 476 So.2d 1247, 1248 (Ala.Cr.App.1985) (wherein the court found no error in denying motion to substitute counsel on the day of trial).
The trial court, nevertheless, undertook to determine the reason for the defendant’s dissatisfaction with counsel. Defendant stated that he had lost confidence in his appointed attorney because of counsel’s failure to request subpoenas for the witnesses named by the defendant and because of counsel’s failure to visit the scene of the alleged crime. The court evidently concluded that both reasons stemmed from *1201 defendant’s disagreement with counsel concerning trial strategy and, considering the withdrawal of one other appointed attorney from the case, constituted a delaying tactic. We find no abuse of discretion in the denial of the motion for continuance.
II
There is no merit to the defendant’s argument that he was entitled to a judgment of acquittal because the weight of the evidence was in his favor. The State presented a prima facie case of burglary through corroborated accomplice testimony and the defendant offered an alibi defense. The jury verdict of guilt was strongly supported by the evidence and will not be overturned here. See Perry v. State, 407 So.2d 183 (Ala.Cr.App.1981).
The defendant received a fair trial. The judgment of conviction and sentence are affirmed.
AFFIRMED.
All Judges concur.