ON REHEARING EX MERO MOTU
KENNEDY, Justice.
The Court’s opinion of March 27, 1992, is withdrawn and the following is substituted therefor.
William Lebarron Anderson, in a retrial, was convicted of robbery, burglary, theft, and attempted murder. The Court of Criminal Appeals on May 31, 1991, affirmed his convictions, by an unpublished memorandum. See 586 So.2d 297. (Ala.Cr.App.1991).[1] We granted certiorari review.
The issue is whether the trial court, in the defendant’s retrial, committed reversible error in denying defense counsel’s request to individually question each member of the venire, for the purpose of making peremptory strikes, regarding any personal knowledge the juror might have had about Anderson’s previous convictions on these counts.
The pertinent facts are as follows: On November 2, 1988, Anderson was tried and convicted of robbery, burglary, theft, and attempted murder. However, on October 26, 1990, the Court of Criminal Appeals reversed the convictions and remanded the cases for a new trial. Anderson v. State, 571 So.2d 1290 (Ala.Cr.App.1990). At Anderson’s new trial, the judge asked the venirepersons if any of them had knowledge of the circumstances surrounding this case. They were also given a brief description of the nature of the case so that they could determine if they had any prior knowledge of it. In response, several of the jurors answered that they had heard some prior information about the case, but that they would be able to base their decision only on the evidence heard in the courtroom that day. Defense counsel then requested the court’s permission to question each juror on an individual voir dire examination to determine the extent of his or her knowledge of the case for the purpose of making peremptory strikes. When the court denied this request, defense counsel objected; defense counsel argued that because of the nature of the media exposure in this case, the individual voir dire examinations were necessary to determine not only the extent of each juror’s knowledge of this exposure, but also whether these jurors were aware of Anderson’s pri- or convictions on these same offenses. Further, defense counsel argued that the voir dire examination must be conducted individually in order to prevent jurors who were unaware of this information from being exposed to it.
Whether to allow individual voir dire examinations is within the trial court’s discretion. Hallford v. State, 548 So.2d 526, 538 (Ala.Crim.App.1988), affirmed, 548 So.2d 547 (Ala.1989), cert. denied, 493 U.S. 945, 110 S.Ct. 354, 107 L.Ed.2d 342 (1989). Furthermore, “ ‘[t]he decision of the trial court in denying individual voir dire examination will not be disturbed absent abuse of that discretion.’ ” Henderson v. State, 583 So.2d 276, 283 (Ala.Crim.App.1990), affirmed, 583 So.2d 305 (Ala.1991), cert. denied, — U.S. -, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992) (quoting Hallford, 548 So.2d at 538). In this ease, there was no abuse of discretion.
As evidenced by the record, the trial court determined that all the members of the venire would be able to base their decisions solely on the evidence presented in this retrial, rather than on any knowledge *900 of the prior trial. The fact that the jurors were given a brief description of the case before they were asked this question served to ensure the accuracy of their answers at that time.
In Brown v. State, 571 So.2d 345 (Ala.Crim.App.), writ quashed, 571 So.2d 353 (Ala.1990), judgment vacated, Alabama v. Brown, — U.S.-, 111 S.Ct. 2791, 115 L.Ed.2d 966 (1991), the trial court denied Brown’s motion for individual voir dire based on extensive pretrial publicity and conducted a general voir dire of the venire. The Court of Criminal Appeals held that the trial court’s voir dire examination was not sufficient to allow the trial court to determine whether the pretrial publicity had destroyed the jurors’ impartiality, and that court reversed the judgment and remanded the case. We granted certiorari review, but quashed the Writ as having been improvidently granted. The United States Supreme Court vacated the judgment and remanded the case to the Court of Criminal Appeals in light of Mu’Min v. Virginia, 500 U.S.-, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991). On remand, the Court of Criminal Appeals distinguished Brown and Mu’Min and again reversed the conviction. Brown v. State, 586 So.2d 991 (Ala.Crim.App.1991). We granted certiorari review in order to determine whether the trial court had obtained enough information from its voir dire of the venire as a whole to make a meaningful determination of juror impartiality. After reviewing the record, we held that the trial court did have adequate information to determine that the jurors could remain impartial and, therefore, we reversed the judgment and remanded the case. Brown v. State, [Ms. 1901839, April 10, 1992] — So.2d - (Ala.1992).
In this case, a careful review of the record indicates that the trial court had sufficient information from the venire to make an independent determination that the pretrial publicity did not affect juror impartiality. We also note that defense counsel in this case failed to present proof that the pretrial publicity was so extensive as to warrant individual voir dire.
The judgment of the Court of Criminal Appeals is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.

. The Court of Criminal Appeals’ action of May 31, 1991, is reported under the style William Anderson v. State.