I would quash the writ.
Sgt. Harrison testified:
 "I asked him about the knife, and he said that it wasn't his at first. And then — well I asked him about the knife and he didn't say anything at first. Then I asked him if it was his knife, and he wouldn't say. And I asked him to tell me if it wasn't his knife and he wouldn't say that either."
I can distinguish this testimony from the following testimony in Marshall v. State, 570 So.2d 832, 833 (Ala.Cr.App. 1990):
 "A. I said, Mr. Marshall [defendant], I would like to know about the brown Nissan you rented in Decatur, Georgia, and rented on June the 5th, and returned on June the 7th.
"Q. What was his response to that? *Page 622 
 "A. Silence for a little bit. Said, I see no point in answering any more further questions, I would like my attorney now."
I believe that we should return to basics. "The crux of our holding [in Ex parte Harris, 387 So.2d 868 (Ala. 1980),] is simply that it is fundamentally unfair and in violation of due process of law to inform a person under arrest that he has a right to remain silent and then permit an inference of guilt from that silence." 387 So.2d at 871.
I infer from the question in Marshall that Marshall had rented the brown Nissan in Decatur, Georgia, on June 5 and returned it on June 7. The brown Nissan had been parked near the scene of the crime. I can reasonably infer Marshall's guilt from his silence.
In the present case, the knife was found in the bed of the victim and was a crucial piece of evidence; however, I do not infer Johnson's guilt from the officer's testimony quoted above.