Because the present case is distinguishable from Marshall v.State, 570 So.2d 832, 833 (Ala.Cr.App. 1990), I would quash the writ.
After being given a Miranda warning, Johnson answered extensive questions about the incident. When asked about the knife, Johnson simply did not respond. He then went on to answer more questions about the incident. Finally, Johnson refused to discuss the incident any further and "asked for legal help." At that point the detective ended the interview. At no time before asking for legal help did Johnson invoke his Fifth Amendment right against self-incrimination.
While the majority correctly states that the testimony in this case is similar to that testimony that caused the problem in Marshall, these two cases are not analogous. The testimony in Marshall set out in the majority opinion shows that the objectionable testimony was directly related to the defendant's clear invocation of his Fifth Amendment rights. In the present case, however, it is undisputed that Johnson continued to answer questions after having remained silent with regard to the knife.
The most striking similarity between Marshall and the present case is that in both cases the witness ultimately testified that the defendant terminated the interview and asked for counsel. In Marshall, the defendant objected to that testimony and the conviction was reversed, based on its admission. However, in the present case, the testimony regarding Johnson's termination of the interview was admitted without objection.
I would also conclude that the testimony regarding Johnson's refusal to answer questions about the knife was cumulative. The State presented overwhelming circumstantial evidence linking Johnson to the knife and to the crime. Accordingly, I would conclude that any error based on the testimony regarding Johnson's refusal to answer questions about the knife was harmless.
STEAGALL, J., concurs.