LEIGH M. CLARK, Retired Circuit Judge.
Appellant was tried by a jury and found guilty of theft of property in the second degree. The indictment charged that he “did knowingly obtain or exert unauthorized control over shrimp, the property of John Russo doing business as Russos Restaurant, of the approximate aggregate value of two hundred fifty-two dollars ($252.00), with the intent to deprive the owner of said property, in violation of § 13A-8-4 of the Code of Alabama.” According to Alabama Criminal Code § 13A-8-2(1) one of the two methods of committing theft of property is thus defined:
“A person commits the crime of theft of property if he:
“(1) knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property ...”
Pursuant to the Habitual Felony Offender Act, appellant was sentenced to imprisonment for fifteen years, which was permissible by reason of a previous conviction of a felony. Appellant’s sole contention is directed to the question of the sufficiency of the evidence to support the verdict. As to this contention, appellant’s argument is divided into three parts, which to some extent blend with one another but which we will now consider in the order set forth in appellant’s brief.
I.
Appellant argues that “there was no evidence of unauthorized control by defendant of the shrimp,” which was the property involved in the alleged theft. According to the undisputed evidence, on November 10, 1981, a supply of shrimp from Bon Secour Fisheries in five-pound boxes enclosed in a “master case” had been ordered and received at Russos Restaurant and had been *623 placed in a “large freezer” in the back of the restaurant. Some time after midnight of November 10-11, when the restaurant closed for the night, approximately nine of said boxes of shrimp were located by a patrolling police officer near a garbage dumpster in the area back of the restaurant. At that time the restaurant was locked; upon being called to the scene Mr. Russo unlocked the restaurant and observed that boxes of the shrimp had been taken from the freezer. Upon being questioned as a witness, Mr. Russo testified:
“Q. Mr. Russo, do you know the defendant?
“A. Yes, I do.
“Q. How do you know him?
“A. He was employed for me.
“Q. Approximately how long had he been employed with you?
“A. Several weeks. I can’t remember exactly.
“Q. And what — do you remember what his duties were?
“A. He was basically a kitchen employee and washed dishes and cleaned up at night and that sort of thing. He was strictly in the back of the restaurant, in the kitchen.
“Q. Did he have any type of keys to the restaurant?
“A. No keys.
“Q. No keys. Did he ever have permission to be at the restaurant when the restaurant was closed?
“A. No, sir.”
Although the possibility that defendant was authorized by the victim to take the shrimp from the freezer in the restaurant to the area back of the restaurant where it was discovered at least an hour after the restaurant was closed is not to be ignored, we think it more reasonable to conclude that if defendant was the person who thus removed it he was not authorized to do so. In this particular part of appellant’s contention, he limits his argument to the question of authorization and thereby assumes for the purposes of such limited argument that control of some kind, authorized or unauthorized, was exerted over the shrimp by the defendant.
II.
The second part of appellant’s brief is devoted to the contention that Darrell Lee Kirksey, a witness called by the State, was an accomplice and that there was no evidence to corroborate his testimony. Appellant is correct in asserting that a conviction of a felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense and that “such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.” Code of Alabama 1975, § 12-21-222. We have no doubt that there is sufficient evidence in the case to support a conclusion that Darrell Lee Kirksey was an accomplice to the commission of the alleged felony. Both Kirksey and defendant testified on the trial. Both testified substantially the same as to the material facts, except in one particular respect. Each testified that he was an employee of Russos Restaurant and that, after the restaurant was closed and the two had proceeded for a considerable distance from the vicinity of the restaurant, the other of the two told him that the other had left some shrimp at the restaurant and asked that they go back to get it and they proceeded in that direction. Each denied that he, himself, had theretofore, taken any action whatever with reference to the shrimp, and the testimony of each is irreconcilable with that of the other. It cannot be said as a matter of law that both were guilty of the crime charged; nor can it be said as a matter of law that either was guilty of the crime charged. Therefore, it cannot be said as a matter of law, as distinguished from a matter of fact for the jury to decide, that Kirksey was an accomplice and that corroboration of Kirksey’s testimony is required to sustain appellant’s conviction.
Appellant refers to the oft repeated principle that the “test of whether a witness is an accomplice is, could the witness have been indicted and convicted of the offense” *624 for which the defendant was being tried. He relies particularly upon Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973), in which it is clearly and succinctly stated at 275 So.2d 679:
“Since these are the witnesses relied on by the State for corroboration, the question is whether they were also accomplices. We hold that they were not. The test of whether a witness is an accomplice is, could the witnesses have been indicted and convicted of the offense charged either as principal or accessory. If he could not, he is not an accomplice. Dykes v. State, 30 Ala.App. 129, 1 So.2d 754 (1941); Snowden v. State, 27 Ala.App. 14, 165 So. 410 (1936); Ash v. State, 81 Ala. 76, 1 So. 558 (1886). Nothing in the record shows that they could have been indicted for the offense.”
The quoted statement convincingly shows that the “test” is a sine qua non, a good rule of exclusion that calls for a rejection of that which does not come within the rule, but not a safe rule of inclusion of all items that successfully meet the test. We do not find that appellant contends otherwise. We now set forth the gist of his contention in his brief:
“Darrell Lee Kirksey was charged with the same offense as the Appellant. (R. pg. 82). His case was still pending in District Court. (R. pp. 82, 25, 26). He admitted helping the Appellant with taking the shrimp. (R. pg. 23). Therefore, Darrell Lee Kirksey aided and abetted Appellant and was an accomplice whose testimony required corroboration.”
We think that appellant’s conclusion as stated in the last sentence of the above quotation depends upon the significance of the immediately preceding sentence. The reference therein is to the following testimony of Kirksey:
“Q. At this time, what did you do?
“A. I took Joe back to Russos. He asked me to help him get the stuff out of the dumpster. So I did. And then we seen the police car and we ran.”
We doubt not that the quoted testimony of Kirksey, particularly as to the flight of the two, tended to show his guilt, but his testimony as a whole manifested complete innocence of any knowledge of or participation in the removal of the shrimp from the inside of the restaurant to the area near the dumpster.
We are not unmindful of an incident occurring after the jury had commenced its deliberation that indicated confusion on the part of the jury as to whether defendant was being tried for conduct in removing the shrimp from the inside of the restaurant to the outside or on the other hand for activity with respect to the shrimp after it had been removed to the area of the dumpster. It is unfortunate that the particular issue between the parties was not drawn clearly enough to have avoided any such confusion.
III.
In the third part of appellant’s brief, immediately before the conclusion thereof, he urges the following:
“Therefore, Appellant’s motion to exclude should have been granted due to the insufficiency of the evidence.”
We add to what we have said in our consideration of I above, that Darrell Kirksey testified in part as follows:
“Q. Was the defendant with you when you got off work?
“A. Yes, he was.
“Q. What did you do at this time, the two of you?
“A. Well, there was another person, too. I just got my car fixed. I was previously riding with Leo Martin but I just got my car fixed and he asked me to give him a ride home which I took the female passenger that was employed there with me. I took her home. Okay. That left me and Joe in the car together. Joe asked me to take him back to Russos to pick up something that he had in the dumpster.
“Q. Did he tell you what that something was?
“A. Yes, sir. He did.
“Q. What did he say it was?
“A. Some shrimps.
“Q. Did you inquire as to where he got those shrimp?
*625 “A. No.
“Q. Did he say anything else to you at this time?
“A. No, sir.
“Q. About what time of the night was this?
“A. About 1:00.”
Although there was no direct evidence that defendant took the shrimp from the refrigerator in the restaurant to the area of the dumpster, the circumstances, according to the evidence, were sufficient, we think, to present a jury issue as to whether defendant moved the shrimp from the freezer to the area of the dumpster and that the jury justifiably were convinced by the evidence beyond a reasonable doubt that he was guilty of the crime charged.
In our consideration of all the issues raised by appellant, we conclude that there was no error prejudicial to defendant and that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.