BOWEN, Presiding Judge.
In 1983, Bobby Ray Watson was convicted of violating Alabama’s Controlled Substances Act and was placed on three years’ probation. Fifty-five days before the termination of this probation period, Watson was charged with public intoxication, resisting arrest and assault in the third degree. A revocation hearing was held and Watson’s probation was revoked, the trial *208 court being “reasonably satisfied that the Defendant has violated one or more of the conditions of his probation in that the Defendant committed an assault on Officer Grimes and was guilty of Resisting Arrest.”
Watson argues that the evidence does not support this finding because (1) there was neither the physical injury nor the intent that are necessary for a finding of assault and (2) there was no evidence that he had the intent to resist arrest or that he in fact resisted after he had been arrested.
I
A person commits assault in the third degree if “[w]ith intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person.” Alabama Code 1975, § 13A-6-22(a)(4). “Physical injury” is defined as “[¡Impairment of physical condition or substantial pain.” § 13A-l-2(8).
Watson is not guilty of assaulting Officer Grimes because there was no “physical injury” involved. Although the officer testified that the defendant’s right fist “grazed” his right ear and right shoulder, he stated that he “did not suffer any injury.” Under Alabama’s Criminal Code, assault is limited to the “actual infliction of some physical injury.” Commentary to § 13A-6-20 through § 13A-6-22. This represents a “significant conceptual change from former law.” Id. However, the defendant’s conduct in striking Officer Grimes does constitute the misdemeanor of harassment. Alabama Code 1975, § 13A-ll-8(a)(l)a.
II
The defendant contends that he is not guilty of resisting arrest because he did not resist after he was arrested.
“A person commits the crime of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from affecting [sic] a lawful arrest of himself or of another person.” Alabama Code 1975, § 13A-10-41.
Contrary to the defendant’s argument there is substantial testimony supporting the trial judge’s finding that the defendant is guilty of resisting arrest. Officer Odom testified that, after the defendant was “in custody” and had been handcuffed, he was “resisting” while the officers were attempting to place him in the police car. Officer Grimes testified that he advised the defendant he was under arrest before the defendant was removed from the vehicle and when the defendant began to struggle with him. We consider this testimony sufficient to support a finding that the defendant is guilty of attempting to prevent a peace officer from effecting a lawful arrest.
The evidence supports the trial court’s revocation of probation despite the fact that one of the court’s specific findings is unsupported by the evidence. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.