Kimberly Striplin, the appellant, was convicted of assault in the third degree, driving while under the influence of alcohol (DUI), and running a red light, in violation of §§ 13A-6-22,32-5A-191, and 32-5A-2, Code of Alabama 1975, as adopted by § 91, Code of Ordinances, City of Dothan, Alabama. Additionally, she was convicted of public intoxication, a violation of § 9-16, Code of Ordinances, City of Dothan, Alabama. She was sentenced to 30 days' incarceration in the city jail and was fined $100 for the assault conviction; she was sentenced for the DUI conviction to 6 months' incarceration in the city jail, with all but 60 days suspended, was fined $400, and was ordered to attend Level II of DUI school, and, at least once a week, Alcoholics Anonymous (AA) for the remainder of the suspended period; she was fined $25 for the traffic signal violation; and she was sentenced to 10 days' incarceration in the city jail and was fined $25 for the public intoxication conviction. Striplin presents six issues for review. Because of our disposition of this case, we find it necessary to address only three of those issues. *Page 1282 
 I
Striplin contends that she was erroneously tried on unsworn complaints. She argues that the complaints were signed by only the assistant city attorney and that, therefore, the trial court lacked jurisdiction over her cases. This court recently held that § 12-22-113 required only the unsworn and unverified signature of the city prosecutor. See Cone v.City of Midfield, 561 So.2d 1126 (Ala.Cr.App. 1990). In this case, the assistant city attorney signed the complaints filed in circuit court. It seems clear that the complaints in this case meet the requirements of § 12-22-113 and that the trial court had jurisdiction over Striplin's cases. Accordingly, this argument is without merit.
 II
Next, Striplin contends that the trial court erred by accepting the certified copies of the city ordinances when there was no showing that the person who certified the documents was the custodian of such documents.
 "Municipal ordinances, if relevant to the subject of inquiry, are admissible in evidence upon principles analogous to those applicable to private statutes, provided their validity and effectiveness are established. In the absence of statute, courts of general jurisdiction do not take judicial notice of municipal ordinances, but require that they be proved as other facts. A municipal ordinance may be proved as to its contents, as well as to its passage, by the introduction in evidence of the original record thereof, properly identified as such. It has been held that an ordinance may also be proved by a copy certified or attested to be correct by the official custodian of the records of the municipality.
 "The statutes in most states specifically provide for the proof of bylaws and ordinances of municipal corporations, and usually provide for their proof by authorized printed copies, certified transcripts of the books, and minutes or journals kept under the direction of the corporation, as well as by original books, ordinances, and minutes or journals. Under statute, an ordinance having the seal of the municipality attached has been held to be properly admitted in evidence without further proof of its passage."
30 Am.Jur.2d Evidence § 972 (1967) (footnotes omitted). There appear to be two methods by which an Alabama city's ordinance may be proved. §§ 12-21-73(5) and 12-21-95. An important requirement of each method, for our concerns, is that the legal custodian of the document or the city clerk shall attest or certify its authenticity. The custodian of a city's ordinances is the city clerk, unless the city council, during the clerk's absence, appoints another person to perform the clerk's duties. § 11-43-100.
A review of the city's exhibits in the instant case reveals that exhibit 3, a copy of § 9-16, Code of Ordinances, City of Dothan, Alabama (the public intoxication ordinance), was certified as a true copy by the city clerk. Therefore, this ordinance was properly accepted into evidence. However, exhibit 2, § 9-1, Code of Ordinances, City of Dothan, Alabama, was certified as a true copy by a municipal court magistrate. The record is devoid of any information indicating that the municipal court magistrate was authorized to perform the duties of the city clerk or had authority to certify the authenticity of municipal ordinances. Therefore, it is necessary to determine whether a municipal court magistrate, by virtue of his office, has authority to certify the authenticity of a municipal ordinance in order to establish proof of the ordinance in a court proceeding.
The powers of a municipal court magistrate are set forth in Rule 18 of the Alabama Rules of Judicial Administration. The powers conferred upon such a magistrate are very narrow and do not include the authority to authenticate, or act as the legal custodian of, municipal ordinances. On the record before us, it is apparent that the municipal court magistrate was not the legal custodian of the city ordinances of the City of Dothan and lacked the power to certify the authenticity of § 9-1 Code of Ordinances, City of Dothan, Alabama. Accordingly, *Page 1283 
the trial court erred in failing to sustain Striplin's objections to this evidence, and it erred in failing to grant Striplin's motions for judgment of acquittal in the following cases: (1) assault in the third degree, (2) DUI, and (3) running a red light, because the city, by failing to prove the ordinance, failed to prove a prima facie case. See Ex parteMaxwell, 439 So.2d 715 (Ala. 1983); Nerud v. City ofMountain Brook, 517 So.2d 652, 654 (Ala.Cr.App. 1987) (quoting Ex parte Maxwell).
 III
Striplin also contends that the trial court erred in denying her motion for judgment of acquittal in the public intoxication case, because the state allegedly failed to produce sufficient evidence to support her conviction. We disagree. The state's evidence tended to show that at approximately 4:00 a.m. on January 20, 1990, Officer Albert Riley of the Dothan Police Department responded to a call received from the Jr. Food Mart located at 1818 East Main Street concerning an "intoxicated disorderly person." When Riley arrived at the convenience store, he observed Striplin drinking coffee as she stood in front of a counter. Riley told Striplin that the store's attendant wanted her to leave and to not return. Striplin responded that she was going to stand there and drink some coffee until she sobered up, that she had driven herself to the store, that she would not leave until she wanted to leave, and that she would drive herself when she left. Riley observed that Striplin was unsteady on her feet, that her speech was loud and slurred, that she was very belligerent, that she was annoying the attendant, and that she used profanity. In his opinion, she was too intoxicated to operate a vehicle safely, and she was also a danger to herself and others.
 "A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics or other drug to the degree that he endangers himself or another person or property, or by boisterous and offensive conduct, annoys another person in his vicinity."
§ 9-16 Code of Ordinances, City of Dothan, Alabama. The state's evidence, as presented above, was legally sufficient to allow the trial judge to find Striplin guilty beyond a reasonable doubt. See Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). The trial court was correct in denying her motion for judgment of acquittal as to the public intoxication offense.
The judgment of the trial court is affirmed as to Striplin's public intoxication conviction (CC-90-488); however, the judgment of the trial court is reversed and judgments are rendered in her convictions for assault in the third degree (CC-90-486), running a red light (CC-90-487), and DUI (CC-90-489).
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.
All the Judges concur.