SHORES, Justice.
We granted the petition for certiorari review so that we could determine whether the Court of Criminal Appeals erred in reversing several convictions based on municipal ordinances that had been authenticated by. the city magistrate rather than the city clerk. The issue in this case is whether the language of Alabama Code 1975, § 12-21-72, — “appertaining to his office” — is sufficient to authorize the magistrate to authenticate the city code. The Court of Criminal Appeals held that the magistrate’s duties do not include authentication of city ordinances. 607 So.2d 1280 (1991). We reverse and remand.
On February 11, 1990, the defendant, Kimberly Striplin, was arrested for driving under the influence of alcohol, running a red light, and assault in the third degree, in violation of § 32-5A-191, § 32-5A-32, and § 13A-6-22, Code of Alabama 1975, as adopted by Dothan City Code of Ordinances § 9-1. A trial was held on March 20, 1991, and Striplin was convicted. On October 11, 1991, the Court of Criminal Appeals, by an opinion, reversed the three criminal convictions and rendered judgments for the defendant on the grounds that the City had failed to prove the ordinance and therefore had failed to prove a prima facie case. The City’s motions for rehearing were overruled.
During the trial of the cases made the basis of this appeal, the City offered into evidence its exhibit two, as follows:
“Mr. Anderson: I would like to offer city’s Exhibit Two, which is the enabling ordinance adopting the traffic code and misdemeanors of the State Criminal Code as being offenses against the city.”
The exhibit was a photocopy of a document headed “Chapter 9, Criminal Offenses and Miscellaneous Provisions.” The document in pertinent part reads as follows:
“Sec. 9-1 State Misdemeanor.
“(a) Any person or corporation committing an offense within the corporate limits of the City of Dothan, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a misdemeanor, shall be guilty of an offense against the City of Dothan, Alabama.”
The reverse side of this document reads:
“Certified as a true and correct copy.
“Angela Richardson (Signature)
“Dothan, Alabama
“Municipal Court Magistrate
“3-20-91”
This exhibit was admitted into evidence over Striplin’s objection that the exhibit had not been properly certified. It is undisputed that the City’s Exhibit Two was certified by a duly appointed municipal magistrate for the City of Dothan.
We must determine whether a municipal court magistrate, by virtue of the office, has authority to certify the authenticity of a municipal ordinance in order to establish proof of the ordinance in a court proceeding. The Court of Criminal Appeals stated in its opinion: “There appear to be two methods by which an Alabama city’s ordinance may be proved. §§ 12-21-73(5) and -95”. Sections 12-14-50, 12-14-51, and Rule 18 1(B)(2), Rules of Judicial Administration, provide a third method under Alabama law for the authentication of papers or documents.
Section 12-14-50 states:
*1285 “The personnel designated by the judge or judges of the municipal court for the accounting of uniform traffic tickets, or complaints and magistrates shall be considered as officials of such administrative agency.

“Such officials shall be vested with judicial 'power reasonably incident to the accomplishment of the purposes and responsibilities of the administrative agency.”

(Emphasis added.)
Section 12-14-51(a) states: “The magistrates shall be considered the chief officers of such administrative agency [municipal court].”
Rule 18 I.(B)(2), Rules of Judicial Administration, lists the powers of a municipal court magistrate:
“(a) Issuance of arrest warrants for municipal ordinance violations;
“(b) Setting bail in accordance with the discretionary bail schedule in municipal ordinance prosecutions;
“(c) Approving surety bonds and receiving cash bail in municipal ordinance prosecutions;
“(d) Releasing defendants charged with municipal ordinance violations on their personal recognizance;
“(e) Receiving pleas of guilty in municipal ordinance cases where a schedule of fines has been prescribed pursuant to Rule 20; and
“(f) Accepting payment for municipal parking tickets pursuant to Rule 19(B) and rendering administrative decisions regarding such tickets, in the event a dispute arises.”
It is evident from the foregoing statutes and rule that municipal magistrates are charged with cognizance of and responsibility for carrying out any and all duties of magistrates in enforcing the municipal ordinances that set out criminal offenses against a city. Since under § 12-14-50 they are vested with judicial power to accomplish the purposes and responsibilities of the municipal court, and under § 12-14-51(a) they are considered the chief officers of the municipal court, and, given the provisions of Rule 18 1(B)(2), it follows that their responsibilities and authority includes authentication of the very documents through which a citizen is being charged.
In Nerud v. City of Mountain Brook, 517 So.2d 652, 654 (Ala.Cr.App.1987), the Court of Criminal Appeals stated: “A copy of a municipal ordinance is authenticated by proving that it came from an official authorized publication of the city code.” In the present case, the municipal court magistrate certified § 9-1 of the Dothan City Code of Ordinances as a true and correct copy. We hold that a city magistrate may authenticate a municipal ordinance. Accordingly, the trial court did not err in overruling Striplin’s objection to this evidence.
For the reasons stated, the judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.