George Daniel Eubanks was charged with the offense of assault in the third degree, in violation of § 13A-6-22, Code of Alabama 1975. The jury found the appellant guilty as charged, and he was sentenced to 60 days in the Baldwin County jail.
The State's evidence showed that on the day in question, the appellant was having a party at his house in Baldwin County. The victim, who owned the property next door to the appellant, was hauling dirt on the road in front of the appellant's house. Several of the appellant's guests were parked along the road and, at some point, the victim's truck got stuck in the mud off of the road while trying to avoid the parked cars. The appellant came out of his house and approached the victim who was standing next to his truck, and the appellant started cursing and waiving a shovel at the victim. The appellant then hit the victim with his fist and the victim sustained a "busted lip" and a "skint nose." The appellant and the victim then engaged in a fistfight until they were separated by members of the victim's family and the guests at the appellant's party.
Defense witnesses testified that the victim came into the appellant's yard after his truck got stuck and began "raising cane about him sticking the truck." (R. 110.) The appellant went out to see what was wrong and the victim was "using foul language to [the appellant], hitting [the appellant] across the chest." (R. 110.) Defense witnesses testified that the victim, not the appellant, was the one who had the shovel. One witness testified that the victim told the appellant, "If you don't — if you don't do it, if you don't have them to do it, if you don't ask them to keep the cars out of the way, I'll knock your fucking head off." (R. 78.) At this point, the appellant swung at the victim and fell down. Defense witnesses testified that they could not tell if the blow hit the victim. The victim then began hitting and kicking the appellant until the two were separated.
 I
The appellant contends that the trial court erred by refusing to charge the jury on the offense of self-defense. Section13A-3-23(a), Code of Alabama 1975, provides in part:
 "A person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for the purpose."
When defense counsel requested that the trial court charge on self-defense, he stated that there had been "some evidence" that the victim "punched [the appellant] in the chest before this altercation." (R. 148.) The trial court, in refusing to *Page 450 
grant defense counsel's request, replied, "That would not rise, in my opinion, to a sufficient provocation for an assault." (R. 148.)
 "The general rule is that 'every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.' Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). If there is 'any evidence, however slight, tending to support' that the defendant acted in self-defense, the issue should be submitted to the jury. King v. State, 71 Ala. 1, 4
(1881). In most cases, the issue of self-defense is one of ultimate fact solely for determination by the jury, Domingus v. State, 94 Ala. 9, 11 So. 190
(1892), however 'unsatisfactory and inconclusive to the judicial mind' the evidence of self-defense may appear. Burns v. State, 229 Ala. 68, 70, 155 So. 561, 562 (1934)."
King v. State, 478 So.2d 318, 319 (Ala.Crim.App. 1985).
"In determining whether to charge the jury on self-defense, 'evidence most favorable to the defendant should be considered.' " King (quoting Byrd v. State, 257 Ala. 100, 104,57 So.2d 388, 391 (1952)). In this case, the appellant did present evidence that he acted in self-defense and, thus, a jury question arose as to whether the appellant reasonably believed that imminent physical force was about to be used against him by the victim. Thus, the trial court erred in refusing to charge the jury on self-defense.
 II
We disagree with the appellant's contention on appeal that the state did not prove that the victim sustained "physical injury." Section 13A-6-22(a)(1), Code of Alabama 1975, provides that a person commits the offense of assault in the third degree if "with intent to cause physical injury to another person, he causes physical injury to any person." Physical injury is defined in § 13A-1-2(8), Code of Alabama 1975, as "impairment of physical condition or substantial pain." The offense of assault in the third degree is the least serious of all of the assault statutes and is designed to encompass those assaults in which the least degree of physical injury is inflicted. The definition of physical injury includes those injuries suffered by the victim in this case, i.e., a "busted lip" and a "skint nose." See Johnson v. State, 552 So.2d 883
(Ala.Crim.App. 1989) (victim's month-long headache is a physical injury). Compare Watson v. State, 497 So.2d 207
(Ala.Crim.App. 1986) (no physical injury where victim testified that the defendant's fist grazed his ear).
For the reasons stated in Part I of this opinion, the judgment of the trial court is reversed.
REVERSED AND REMANDED.
All the Judges concur.