ON REMAND FROM THE ALABAMA SUPREME COURT
The appellant, Kimberly Striplin, was convicted after a non-jury trial of assault in the third degree, driving under the influence of alcohol (DUI), running a red light, and public intoxication, in violation of the Code of Ordinances of the City of Dothan, Alabama. This court affirmed her public intoxication conviction, but reversed her assault, DUI, and running a red light convictions and rendered a judgment in her favor on those convictions holding that a municipal court magistrate did not have the authority to authenticate municipal ordinances and therefore, that the City had not proved a prima facie case of each of those offenses. Striplin v. City ofDothan, 607 So.2d 1280 (Ala.Cr.App. 1991). The Alabama Supreme Court, however, reversed the judgment and held that a municipal magistrate did have the authority to authenticate municipal ordinances. Striplin v. City of Dothan,607 So.2d 1283 (Ala. 1992). On the authority of Striplin v.City of Dothan, we affirm the judgment of the circuit court on that issue, and we now address those issues not previously addressed on appellate review. *Page 1287 
 I
The appellant argues that the trial court erred by admitting a videotape of her "booking." She contends that the City failed to establish a proper predicate for its admission.
 "For a videotape to be admissible into evidence, all that is required is that a witness verify that it is a 'reliable production' of the actual events depicted. Molina v. State, 533 So.2d 701, 712 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1086
[109 S.Ct. 1547, 103 L.Ed.2d 851] . . . (1989). See also McFarland v. State, 581 So.2d 1249 (Ala.Cr.App. 1991).
 " 'To establish the authenticity and accuracy of a videotape film, most of the courts dealing with the question, without attempting to enumerate all of the necessary factors for this purpose, have merely held the evidence sufficient to lay a foundation of the authenticity and accuracy of the videotape recording in question, at least where it was shown that the operator of the videotape filming device or a participant in the recording testified to the authenticity and accuracy of the videotape film in question.'
"Annot., 60 A.L.R.3d 333, 346 (1974)." Woods v. City ofDothan, 594 So.2d 238, 240 (Ala.Cr.App. 1991) (holding that the City established a proper predicate for the admission of a videotape of the appellant's "booking").
In the instant case, Officer Cirulli of the Dothan Police Department testified that the appellant's booking was videotaped. He responded affirmatively when asked if the tape "truly and accurately" reflected the booking. He further testified that the tape had not been edited or altered and that it had been kept in an evidence locker. The tape was properly admitted into evidence. See Woods.
 II
The appellant argues that the trial court erred by denying her motion for a judgment of acquittal on the charge of assault in the third degree "in the absence of physical force and in the face of grave intoxication." However, "[v]oluntary intoxication is no defense to a charge of assault and battery, unless the degree of intoxication amounts to insanity and renders the accused incapable of forming an intent to injure."Lister v. State, 429 So.2d 622 (Ala.Cr.App. 1983) (citing Maddox v. State, 31 Ala. App. 332, 334,17 So.2d 283 (1944)); see also Duren v. State,590 So.2d 360, 364 (Ala.Cr.App. 1990), aff'd, 590 So.2d 369 (Ala. 1991). Moreover, whether intoxication is substantial enough "to render intoxicated persons incapable of forming a specific intent . . . is a question for the jury [or trier of fact]." Stringerv. State, 53 Ala. App. 88, 89, 297 So.2d 411, 412
(Ala.Cr.App. 1974) (quoting Dyer v. State, 241 Ala. 679,683, 4 So.2d 311, 314 (1941)); see Latimore v.State, 534 So.2d 665 (Ala.Cr.App. 1988). Thus, the appellant's contention that she was too intoxicated to form the specific intent required for assault in the third degree is without merit.
The appellant also contends that Officer Cirulli did not suffer "physical injury" within the meaning of §13A-1-2(8), Code of Alabama. The only discussion of the element of physical injury during her motion for a judgment of acquittal was between the trial court and the attorney for the City of Dothan, and was not specifically raised by the appellant; therefore, this contention is procedurally barred because a specific objection waives all grounds not specified.See Cure v. State, 600 So.2d 415 (Ala.Cr.App.), cert. denied, 600 So.2d 421 (Ala. 1992); Woods v. State,592 So.2d 631 (Ala.Cr.App. 1991).
Moreover, the appellant's contention that Cirulli did not suffer physical injury is without merit. Physical injury is defined as "[i]mpairment of physical condition or substantial pain." § 13A-1-2(8). Cirulli testified that the appellant kicked him several times. When asked about the extent of his injuries, the following occurred:
 "Q [City Attorney] Did you receive any physical injuries as a result of the blows that you received to your body?
 "A [Cirulli] Other than it hurt for a second, being kicked in . . . [the] groin, *Page 1288 
but as far as any permanent substantial injuries, no.
 "Q Were there any bruises or abrasions or scratches or anything?
 "A Not that I can recollect. That was a rough night anyway."
This court has recently held, "The offense of assault inthe third degree is the least serious of all assault statutes and is designed to encompass those assaults inwhich the least degree of physical injury is inflicted,"Eubanks v. State, [Ms. 91759, Sept. 18, 1992], 1992 WL 228024 (Ala.Cr.App. 1992) (emphasis added) (victim suffered a " 'busted lip' and a 'skint nose' "); therefore, this testimony is sufficient to prove the element of physical injury. Seealso Brock v. State, 555 So.2d 285 (Ala.Cr.App. 1989) (appellant hit police officer in the eye and on the head with a combination lock); Johnson v. State, 552 So.2d 883
(Ala.Cr.App. 1989) (victim's month-long headache held a physical injury). But cf. Watson v. State, 497 So.2d 207
(Ala.Cr.App. 1986) (where testimony that appellant's fist grazed victim's ear held insufficient evidence of physical injury). Thus, the appellant's argument is without merit.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.