The appellant, Samuel Lee Duncan, was convicted of disorderly conduct, failure to obey a lawful order of a police officer, and resisting arrest. He was ordered to pay a fine of $300 and to pay costs for his disorderly conduct conviction, to pay a fine of $300 and costs for his resisting arrest conviction, and to pay a fine of $100 and costs for his conviction for failure to obey a police officer. It is from these convictions that he appeals.
 FACTS
Alabama State Trooper John A. Reese testified for the prosecution. He testified that at approximately 7:08 p.m. on July 15, 1993, he attempted to stop the pickup truck, in which the appellant was a passenger, for *Page 1281 
crossing the center line of a divided highway. The appellant's elderly father, Arthur Lee Duncan, was driving the truck. The officer testified that he activated the blue light on his patrol car and pulled beside the truck and told the driver to pull over. Arthur Lee responded, "Fuck you" and did not stop. Arthur Lee eventually pulled over. He got out of the truck and confronted the officer on the side of the road, telling him that he had not done anything to deserve being pulled over and asking the officer why "the hell" had he been pulled over. The officer requested to see Arthur Lee's driver's license, but Arthur Lee refused to show the officer, stating that "he didn't do a fucking thing." The officer arrested Arthur Lee and placed him in the back of the police car. Arthur Lee did not resist arrest. After he was arrested, Arthur Lee told his son, the appellant, who was still seated on the passenger side of the truck, to drive the truck home. When the appellant got out of the truck to go around to the driver's side, Reese told him "to have a seat back in the [truck on the passenger side]." R. 32. The appellant responded, "Fuck you" and said that "he was going to drive the truck, and he wasn't going to do a damn thing." R. 32. The appellant walked around the truck and got in on the driver's side. Reese advised the appellant that he needed to see his driver's license, because, according to Reese, he needed to know if the appellant had a valid driver's license. The appellant responded that he was not going to show Reese a "fucking thing." R. 33. Reese asked again to see the appellant's license and the appellant stated that he wanted to know "what in the hell had he done" and again refused to produce his license. R. 34. Reese stated that at this point he felt the situation was getting out of control. Reese went to his car and radioed for backup. He returned and told the appellant that he was under arrest for failure to obey a police officer and disorderly conduct. Reese then opened the driver's side door of the truck and told the appellant to get out. The appellant responded that he "wasn't going to do a fucking thing." R. 35. At that point Reese reached into the truck and handcuffed the appellant and asked him to get out of the truck. The appellant refused. Reese reached into the truck, pulled the appellant out, and escorted the appellant to the rear of the police car. Reese stated that the appellant did not struggle. R. 36.
 I
The appellant was convicted in district court for disorderly conduct, failure to obey a police officer, and resisting arrest. He filed notices of appeal for a trial de novo in circuit court on October 18, 1993.
The appellant contends that the informations filed in the circuit court by the prosecution were void. This contention is without merit. The informations filed in the circuit court and signed by the assistant district attorney were not void. The signature of the assistant district attorney on the information, although it was unsworn and unverified, was sufficient to convey jurisdiction to the circuit court for a trial de novo. Striplin v. City of Dothan, 607 So.2d 1280, 1282
(Ala.Cr.App. 1991), rev'd on other grounds 607 So.2d 1283
(Ala. 1992). The appellant also contends that the informations were void because the prosecution did not prove that the offense occurred within 12 months of the commencement of the prosecution. "An appeal to the circuit court is a continuation of the prosecution that was commenced in the district court."Hastings v. State, 589 So.2d 795, 796 (Ala.Cr.App. 1991). Therefore, this argument is without merit.
 II
The appellant contends that insufficient evidence was presented to sustain a conviction for disorderly conduct.
 "A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
 "(1) Engages in fighting or in violent tumultuous or threatening behavior."
Ala. Code 1975, § 13A-11-7(a)(1).
The facts presented do not establish that the appellant engaged in "fighting or in *Page 1282 
violent tumultuous or threatening behavior. The appellant disobeyed Reeses's order to produce a driver's license, but Reese testified that the appellant remained "sitting in the truck" during their conversation. R. 71. Reese testified that the appellant had not broken any laws when he requested to see the license. Regarding the cursing, the appellant's saying "fuck you" to the officer were not fighting words so as to constitute disorderly conduct in this case. R.I.T. v. State,675 So.2d 97 (Ala.Cr.App. 1995) ("the 'abusive or obscene language' provision of the disorderly conduct statute 'is very narrow and applies only to "fighting words" ' " and discussion therein discussing what language spoken to a police officer constitutes fighting words). Based on the above, we reverse the appellant's conviction for disorderly conduct.
 III
The appellant contends that insufficient evidence was presented to convict him of failure to obey a police officer. Section 32-5A-4, Ala. Code 1975, provides as follows:
 "No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer or fireman invested by law with authority to direct, control or regulate traffic."
The officer's request to see the appellant's driver's license was a lawful order. Sly v. State, 387 So.2d 913
(Ala.Cr.App.), cert. denied, 387 So.2d 917 (Ala. 1980). There was abundant evidence presented reflecting the appellant's ongoing refusal to follow the orders of the police officer. The police officer gave repeated orders to the appellant, which the appellant never followed. Therefore, the appellant's conviction for failure to obey a police officer is affirmed.
 IV
The appellant contends that insufficient evidence was presented to convict him of resisting arrest. Section13A-10-41(a), Ala. Code 1975, defines resisting arrest as follows:
 "(a) A person commits the crime of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from affecting [sic] a lawful arrest of himself or of another person."
The appellant failed to obey a police officer. The arresting officer testified that he informed the appellant that he was under arrest for failure to obey a police officer and that after he was so informed the appellant refused to get out of the truck as ordered. The officer reached into the truck, placed handcuffs on the appellant's wrists, and asked him to step out of the truck, but the appellant refused. At that point, the officer grasped the inside of the cuff and the appellant's wrist and pulled the appellant out of the truck. The officer testified that the appellant did not struggle. R. 36. The officer then "grabbed [the appellant's] arm in the transport position . . . and walked . . . back to my patrol vehicle. . . . I opened the door, and [the appellant] got inside the patrol vehicle." R. 36.
In Scott v. State, 624 So.2d 230, 234 (Ala.Cr.App. 1993), this court quoted the Commentary to § 13A-10-41, Code of Alabama 1975, stating: " 'It is not necessary that defendant use force or violence in obstructing the officer, only that he engage in some conduct intending to prevent the officer from effecting a lawful arrest.' In Scott the arresting officer testified that when he informed the appellant that he was under arrest, the appellant stated that he was not going back to jail. The officer then "grabbed the appellant's left arm and the appellant jerked away." Id. This court stated, "This evidence, if believed by the jury, was sufficient to sustain the conviction for resisting arrest." Id.
In this case we do not believe that. the appellant's passive behavior constituted resisting arrest. The officer's testimony reflects that the officer had to guide the appellant, but that the appellant was submissive and did not attempt to prevent the officer from effecting a lawful arrest. Therefore we must reverse the appellant's conviction for resisting arrest.
Based on the above discussion, we reverse the appellant's conviction for disorderly conduct *Page 1283 
and resisting arrest and affirm his conviction for failure to obey a police officer.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.