McMILLAN, Judge.
The appellant Donald Graham, Sr. (hereinafter Graham, Sr.), appeals his convictions for assault in the third degree, a violation of § 13A-6-22, Code of Alabama 1975, and resisting arrest, a violation of § 13A-10-41, Code of Alabama 1975. The appellant Donald Graham, Jr. (hereinafter Graham, Jr.), appeals his convictions for disorderly conduct, a violation of § 13A-11-7, Code of Alabama 1975, and resisting arrest, a violation of § 13A-10-41, Code of Alabama 1975. Both appellants were sentenced to six-months’ imprisonment in the city jail; those sentences were split and they were ordered to serve 30 days and to pay a $50 fine and court costs. Both appellants were sentenced to a one-year term of probation after their release under the jail diversion program of Mobile County.
The evidence presented by the City of Mobile tended to show the following: During the Mardi Gras festivities in 1994, the appellants became involved in an altercation with Juan Hill, over a “moon pie” thrown from a parade float. After the altercation, Hill’s sister reported to police officers Murphy and Byrts that one of the appellants had threatened her brother with a knife. Hill identified Graham, Sr., as the individual who threatened him and requested that he be arrested. Officer Murphy, a black officer, testified that when he approached Graham, Sr., to question him concerning the incident, Graham, Sr., responded with obscenities and racial epithets directed to both Officer Murphy and Hill. Officer Murphy testified that Graham, Sr., then made a quick movement with his hand toward his pocket as though reaching for a weapon. He testified that he and Officer Byrts grabbed the appellant’s arms. He testified that as he was attempting to handcuff Graham, Sr., he was attacked by Graham, Jr., who also shouted racial epithets at him and Hill. He testified that Graham, Jr., pulled off his riot helmet and hit him in the head with a closed fist. He testified that he was able to subdue Graham, Jr., with pepper spray.
Officer Byrts testified that he attempted to place Graham, Jr., in custody after Graham, Jr., began to fight Officer Murphy. He testified that he struggled on the ground with Graham, Jr., until Officer Murphy subdued him with pepper spray. The appellants were taken into custody and searched. A pocketknife was found on Graham, Sr.
I
Graham, Sr., argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, city failed to prove a prima facie case of assault in the third degree. Specifically, he argues that *543 the City failed to present any testimony that he caused physical injury to Officer Murphy as charged in the complaint. We agree.
The assault complaint filed against Graham, Sr., is as follows:
“Comes the City of Mobile, Alabama a Municipal Corporation, and complains that Donald Edward Graham, Sr. within twelve months before the bringing of this prosecution, and within the City of Mobile, Alabama, or the police jurisdiction thereof, did intentionally cause physical injury to M. Murphy. .Subject did pull a Mobile Police Officer’s helmet off and did strike Officer Murphy about the head, neck and shoulders with his closed fist.”
A person commits assault in the third degree if ‘[w]ith intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person.’ Alabama Code 1975, § 18A-6-22(a)(4). ‘Physical injury’ is defined as ‘[ijmpairment of physical condition or substantial pain.’ § 13A-l-2(8).
“This court has recently held, ‘The offense of assault in the third degree is the least serious of all assault statutes and is designed to encompass those assaults in which the least degree of physical injury is inflicted,’ Eubanks v. State, 611 So.2d 448 (Ala.Cr.App.1992) (emphasis added) (victim suffered a ‘ “busted lip” and a “skint nose” ’); therefore, this testimony is sufficient to prove the element of physical injury. See also Brock v. State, 555 So.2d 285 (Ala.Cr.App.1989) (appellant hit police officer in the eye and on the head with a combination lock); Johnson v. State, 552 So.2d 883 (Ala.Cr.App.1989) (victim’s month-long headache held a physical injury).”
Striplin v. City of Dothan, 607 So.2d 1285, 1288 (Ala.Cr.App.1992).
The City failed to present any evidence that Graham, Sr., caused any physical injury to either Officer Murphy or Officer Byrts. The record, including the officer’s testimony, indicates that it was Graham, Jr., rather than Graham, Sr., who removed the officer’s helmet and beat him on the head. The evidence concerning Graham, Sr., indicated only that he made a movement for his pocket and that they then struggled with Officer Byrts. There was absolutely no evidence presented as to any injury to Officer Murphy caused by Graham, Sr. Moreover, the record indicates that the jury was not charged as to the law concerning accomplices and that there was no allegation or proof of complicity. Knight v. State, 652 So.2d 769 (Ala.Cr.App.1994); McGee v. State, 607 So.2d 344, 346 (Ala.Cr.App.1992).
Under Alabama’s criminal Code, assault is limited to the “actual infliction of some physical injury.” Commentary to § 13A-6-20 through § 13A-6-22, Code of Alabama 1975. Therefore, Graham, Sr. is not guilty of assault in the third degree, and we must reverse the assault conviction of Graham, Sr.
II
Graham, Sr., argues that because the City failed to prove that he was guilty of assault in the third degree, he cannot be convicted of resisting arrest as to that charge. Additionally, he argues that he cannot be convicted of resisting arrest based on the offense of disorderly conduct, with which he was not charged.
“ ‘A person commits the crime of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from affecting [sic] a lawful arrest of himself or of another person.’ Alabama Code 1975, § 13A-10-41.”
Contrary to Graham, Sr.’s argument, there was substantial testimony supporting the jury’s verdict that the appellant was guilty of resisting arrest. The City presented evidence that Graham, Sr., was originally approached by police officers on a menacing charge. There was also evidence that as Graham, Sr., made an overt motion with his hand, Officer Byrts attempted to place him in custody by handcuffing him. Testimony was presented that Graham, Sr., physically resisted after which a struggle ensued between him and Officer Byrts. . This testimony is sufficient to support the jury’s verdict.
III
A
Graham, Jr., argues that the trial court erred in denying his motion for a judg *544 ment of acquittal on grounds that the City failed to prove a prima facie case of disorderly conduct against him.
Section 13A-11-7, Code of Alabama 1975, provides:
“(a) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
“(1) Engages in fighting or in violent tumultuous or threatening behavior; or “(2) Makes unreasonable noise; or “(3) In a public place uses abusive or obscene language or makes an obscene gesture; or
“(4) Without lawful authority, disturbs any lawful assembly or meeting of persons; or
“(5) Obstructs vehicular or pedestrian traffic, or a transportation facility; or “(6) Congregates with other person in a public place and refuses to comply with a lawful order of the police to disperse.
“(b) Disorderly conduct is a Class C misdemeanor.”
As stated earlier, the evidence presented by the City included the testimony of Officer Murphy that Juan Hill informed him that Graham, Sr., threatened him with a knife. Officer Murphy testified that he attempted to question both Graham, Sr., and Graham, Jr., on a possible menacing charge. He testified that as he directed his questioning toward Graham, Sr., Graham, Jr., became uncooperative, belligerent, and disorderly and was shouting racial epithets at blacks in the parade crowd and then instigated a fistfight with him. He testified that before he subdued Graham, Jr., with pepper spray, members of the crowd were yelling “Rodney King, Rodney King.” Officer Murphy further testified that the appellant had made statements that “had started a fire in the crowd itself. These people had to be removed quickly to prevent any further violence.” Cf. Robinson v. State, 615 So.2d 112 (Ala.Cr.App.1992).
B.
Graham, Jr., argues that he cannot be convicted of resisting arrest absent evidence that police officers were effecting a lawful arrest for'disorderly conduct.
“A person commits the crime of resisting arrest if he intentional prevents or attempts to prevent a peace officer from affecting a lawful arrest of himself or of another person.” Alabama Code 1975, § 13A-10-41.
Contrary to Graham, Jr.’s argument and the aforementioned evidence, there was substantial testimony supporting the jury’s verdict that he is guilty of resisting arrest.
AFFIRMED AS TO DONALD EDWARD GRAHAM, JR.;
AFFIRMED AS TO RESISTING ARREST FOR DONALD EDWARD GRAHAM, SR.;
REVERSED AS TO ASSAULT IN THE THIRD DEGREE AND JUDGMENT RENDERED FOR DONALD EDWARD GRAHAM, SR.
All judges concur.